# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY R. OWENS,**
        **Petitioner,**

v.                                 **Case No. 17-CV-1230**

**WILLIAM J. POLLARD,**
        **Respondent.**

## ORDER

Before the court is Anthony R. Owens's renewed motion to stay these proceedings and hold in abeyance his petition for a writ of habeas corpus. The court previously granted a stay of these proceedings so Owens could exhaust his remedies in state court. The court of appeals denied him relief on August 26, 2019, and Owens did not seek review by the Wisconsin Supreme Court.

Contrary to this court's order, Owens did not notify this court that the state proceedings had concluded. Therefore, on June 16, 2020, the court ordered Owens to explain the status of the proceedings. (ECF No. 11.) Owens responded and asked the court to continue to stay the proceedings so he could file a *Knight* petition in the court of appeals. (ECF No. 12.) The court granted that request, and in recognition of how the

pandemic was affecting prison and especially prisoners' access to legal resources, gave Owens until the end of 2020 in which to do so. (ECF No. 13.)

In December Owens asked for additional time (ECF No. 14), and the court gave him until the end of March 2021 (ECF No. 15). Shortly before that deadline Owens advised the court that he wanted to move ahead with his federal habeas petition. (ECF No. 16.) Therefore, the court ordered him to file an amended petition no later than April 30, 2021. (ECF No. 17.)

Owens timely filed an amended petition (ECF No. 18), but he also filed the present renewed motion to stay. (ECF No. 19). Given the unusual posture of the motion and the prior lengthy delays, the court ordered the respondent served and permitted the respondent the opportunity to respond to Owens's renewed motion to stay. The respondent opposes the motion. (ECF No. 23.)

When a federal habeas petition is "mixed," that is, it contains claims that have been exhausted in state court and those which have not, it may be proper to stay the proceedings and hold the petition in abeyance while the petitioner exhausts his remedies in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, if employed too frequently, this procedure stands to undermine the policy behind the Antiterrorism and Effective Death Penalty Act (AEDPA) of ensuring expeditious resolution of claims. *Rhines*, 544 U.S. at 277. Therefore, stay and abeyance should be available in only limited circumstances. *Id*.

2

Good cause must exist for the petitioner's failure to first exhaust his remedies in state court. *Id*. The court must also take care to structure any stay to foster AEDPA's goal of ensuring expeditious resolution of claims. This includes placing "reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*.

After the court of appeals told Owens of the need to file a *Knight* petition, it took him more than 20 months to finally do so. Such a delay is not consistent with the diligence demanded under *Rhines*. However, the court has already addressed much of that delay in its prior orders. (ECF Nos. 13, 15.) Owens explained that portions of the delay related to retaining and obtaining information from a private investigator. And the court is aware of how the pandemic has greatly limited prisoners' ability to conduct legal research.

As a practical matter the only real delay was the month between when the court ordered Owens to file his *Knight* petition (March 30, 2021) and when he initiated proceedings in the court of appeals (April 30, 2021). Had Owens on March 24, 2021, simply requested to have until April 30, 2021, in which to begin proceedings in state court, the court likely would have granted the request. And unlike petitioners in capital cases, Owens does not have any incentive to delay. *See Rhines*, 544 U.S. at 277-78.

Even if it were to deny the stay, this court would still likely hold off resolving the federal petition until the state proceedings were concluded. If pending state court

3

proceedings could afford Owens the substantive relief he seeks in his federal habeas petition, comity favors allowing the state court the first opportunity to provide that relief. Therefore, denying a stay likely would not materially expedite resolution of the present petition.

Therefore, although it would be within the court's discretion to deny Owens's motion, the court nonetheless **grants** it and gives him a *final* opportunity to seek relief in state court. These proceedings are again stayed, and Owens's petition is held in abeyance. Not later than **28 days** after the exhaustion of his state court remedies or the expiration of time for seeking further review, Owens shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **<u>Failure to do so may result in the court dismissing this action without further notice</u>**. The Clerk shall close this case for statistical purposes.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 2nd day of July, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge