UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY R. OWENS,

        Petitioner,

  v.                                            Case No. 17-cv-1230-pp

WILLIAM J. POLLARD,

        Respondent.

---

**ORDER DISMISSING CASE FOR FAILURE TO DILIGENTLY PURSUE IT AND FAILURE TO COMPLY WITH JUDGE DUFFIN'S ORDERS**

---

On January 30, 2023, Magistrate Judge William Duffin issued an order requiring the petitioner to show cause as to why the court should not dismiss the petition due to the petitioner's failure to comply with a July 2, 2021 order requiring the petitioner to notify the court as to the status of his state court proceedings (Dkt. No. 26). Dkt. No. 28. Because that deadline has come and gone, and the petitioner has not complied wither with the July 2, 2021 order or the order to show cause, the court will dismiss the case.[1]

---

[1] Due, among other things, to the petitioner's requests to stay the proceedings so that he could exhaust his state-court remedies, the court never has screened the petition or ordered the respondent to answer. Because the respondent has not had been given the opportunity to decide whether to consent to Magistrate Judge Duffin presiding over the case, the case has been reassigned to Judge Pepper (a district court judge) to determine whether the petition should be dismissed.

1

I.     **Background**

On September 11, 2017, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for first-degree reckless homicide and possession of a firearm by a prohibited person. Dkt. No. 1. The same day, the petitioner filed a motion for stay and abeyance to permit him time to exhaust his remedies in state court. Dkt. No. 3. On October 18, 2017, Judge Duffin granted the motion for a stay and abeyance and ordered the petitioner to notify the court no later than twenty-eight days after the exhaustion of his state court remedies, or the expiration of time for seeking further review, that his state court proceedings were completed. Dkt. No. 10.

On June 16, 2020, after determining that the Wisconsin Court of Appeals had denied the petitioner relief on August 26, 2019 and that the petitioner had not sought review by the Wisconsin Supreme Court, Judge Duffin ordered the petitioner to explain why he had not complied with the order to notify the court when his state proceedings were concluded. Dkt. No. 11. The petitioner responded, asking the court to continue to stay his federal *habeas* proceeding so that he could file a Knight[2] petition in the Wisconsin Court of Appeals. Dkt. No. 12. Judge Duffin granted that request and gave the petitioner a deadline of December 31, 2020 by which to file the Knight petition in state court. Dkt. No. 13. Judge Duffin ordered that the petitioner must notify the court "promptly" after filing the Knight petition, and warned him that if he didn't either file the

---

[2] State v. Knight, 168 Wis. 2d 509 (Wis. 1992).

Knight petition by December 31, 2020 or notify the court when he did file it, his federal case could be dismissed. Id. at 3.

On December 11, 2020, the petitioner filed a motion for extension of time to file the Knight petition, dkt no. 14, which Judge Duffin granted, giving the petitioner a deadline of the end of March 2021 by which to file the petition, dkt. no. 15. In March 2021, however, the petitioner advised the court that he wanted to move forward with his federal *habeas* case. Dkt. No. 16. Judge Duffin ordered the petitioner to file an amended §2254 petition no later than April 30, 2021. Dkt. No. 17.

On April 26, 2021, the court received from the petitioner his amended §2254 petition. Dkt. No. 18. But contrary to what he had said in March, the petitioner filed another motion to stay, again explaining that he wanted to pursue a Knight petition in the court of appeals. Dkt. No. 19. Citing the unusual posture of the motion and the delays in moving the case forward, Judge Duffin ordered the respondent served with the petition and gave the respondent the opportunity to respond to the motion to stay. Dkt. No. 20. The respondent opposed the motion. Dkt. No. 23.

On July 2, 2021, Judge Duffin granted the motion to stay, providing the petitioner a "*final* opportunity to seek relief in state court." Dkt. No. 26 at 4. Judge Duffin ordered that

> [n]ot later than **28 days** after the exhaustion of his state court remedies or the expiration of time for seeking further review, [the petitioner] shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **Failure to do so may result in the court dismissing this action without further notice**.

Id.

## II. Order to Show Cause (Dkt. No. 28)

On January 30, 2023, observing that the petitioner's Knight petition proceeding had concluded on April 1, 2022 (when the time for seeking review of the court of appeals' March 2, 2022 order had expired without the petitioner taking any action), Judge Duffin recounted that the petitioner had failed to comply with the court's order to keep the court informed of the termination of his state court proceedings. Dkt. No. 28 at 1-2. Judge Duffin ordered the petitioner to show cause within twenty-eight days why the §2254 petition should not be dismissed due to the petitioner's apparent failure to comply with the July 2, 2021 order. Id. at 2.

The deadline for the petitioner to respond to the order to show cause expired on February 27, 2023. The petitioner did not file a response. Nor has the petitioner filed any status update since the court of appeals denied his state *habeas* petition on March 2, 2022. See Owens v. Tegels, Appeal No. 2021AP000762 (available at wscca.wicourts.gov). On July 6, 2021, the court received from the petitioner a notice that he had been moved to Jackson Correctional Institution, dkt. no. 27; the Wisconsin Department of Corrections offender locator website shows that the petitioner remains at Jackson https://appsdoc.wi.gov/lop/details/detail, and that is where Judge Duffin sent the January 30, 2023 order. That order has not been returned to the court as undeliverable.

4

Because the petitioner has failed to comply with Judge Duffin's orders and has failed to diligently prosecute this case, the court will dismiss the case.

**III. Conclusion**

The court **ORDERS** that the case is **DISMISSED WITHOUT PREJUDICE** under Civil Local Rule 41(c) (E.D. Wis.) for the petitioner's failure to diligently pursue it. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of March, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**